UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CARMELLA ASHLEE CHRISTENSEN, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CV424-273 |
| COMMISSIONER OF SOCIAL SECURITY, ) ) ) | |
| Defendant. ) | |

## ORDER

Plaintiff moves for an award of $1,023.40 in attorney's fees and $405 in costs under the Equal Access to Justice Act ("EAJA"). Doc. 15. The Defendant does not oppose the request. Doc. 18. For the reasons that follow, the Motion is **GRANTED**. Doc. 15.

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's

1

fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party since, on the Defendant's motion, the Court remanded the case to the Social Security Administration for further proceedings. *See* doc. 12 (Defendant's Motion to Remand); doc. 13 (Order); doc. 14 (Judgment). Her request for fees is timely. *Compare* doc. 14 (Judgment entered February 6, 2025) *with* doc. 15 (Motion filed May 5, 2025). Through its non-opposition, Defendant does not appear to contend that its position was substantially justified. *See* doc. 16 at 1 (alleging the Government's position was "not substantially justified"); *see also Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified."). Plaintiff is, therefore, entitled to an award pursuant to the EAJA.

The Court must next determine whether the requested fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that an hourly rate of $250.32 for attorney time and an hourly rate of $75.00 for paralegal time are appropriate in this case, considering the cost-of-living increase as measured by the Consumer Price Index. Doc. 16 at 2. The requested hourly rates are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); doc. 16-2 (Consumer Price Index table and rate calculation); *Holton v. Saul*, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019) (finding an hourly rate of $75 for paralegals reasonable). The amount of time expended by Plaintiff's counsel and his staff is also reasonable. *See* docs. 16-3, 16-4, 16-5. Applying the approved rates, Plaintiff is awarded $700.90 for 2.8 hours of attorney time and $322.50 for 4.3 hours of paralegal time for a total EAJA fee award of $1,023.40. Doc. 16 at 2.

Plaintiff also seeks reimbursement of filing costs of $405.00. Doc. 16 at 3; see also doc. 16-6 at 2. Costs under the EAJA, "including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration." *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sep. 7, 2021); *see also Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (finding that the plaintiff's filing fee was a compensable cost under the EAJA). Thus, the $405 filing fee is recoverable under the EAJA as a cost to be paid from the judgment fund. *See* 31 U.S.C. § 1304.

Plaintiff asks that the Court order the government to pay the EAJA award directly to Plaintiff's counsel. Doc. 15 at 1; *see also* doc. 16 at 1-2; doc. 16-1 (EAJA Fee assignment). In *Astrue v. Ratliff*, the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 (2010). Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of

4

payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Therefore, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Bostic*, 858 F. Supp. 2d at 1306; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

Based on the above, the Motion for Attorney Fees Pursuant to the Equal Access to Justice Act is **GRANTED**. Doc. 15. The Court awards EAJA fees totaling $1,023.40 and costs totaling $405 to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it to the discretion of the Government to accept Plaintiff's assignment of

EAJA Fees after a determination that Plaintiff does not owe a federal debt.

**SO ORDERED**, this 22nd day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA