UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CARMELLA ASHLEE CHRISTENSEN | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV424-273 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 20. The Commissioner does not oppose the request. Doc. 22. For the reasons explained, the motion is **GRANTED**. Doc. 20.

## I.    BACKGROUND

The Court, on the Commissioner's motion, reversed and remanded plaintiff's social security appeal to the agency for further consideration, and judgment was entered in plaintiff's favor. Doc. 12 (Motion); doc. 13 (Order); doc. 14 (Judgment). On remand, Plaintiff's claim was granted, and the Social Security Administration awarded Plaintiff total past-due

benefits of $112,591.00.  Doc. 21 at 2; *see also* doc. 21-2.  Plaintiff's counsel seeks $2,562.50 in attorney's fees pursuant to 42 U.S.C. § 406(b).  Doc. 21 at 2. Counsel represents that, if his request is granted, he will refund the previously awarded attorney fee of $1,023.40.  *Id.* at 3.

## II.    ANALYSIS

Under  42  U.S.C.  §  406(b),  counsel  may  seek  a  reasonable contingency fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (quoting § 406(b)(1)(A)).  "Assuming that the requested fee is within the 25 percent limit, the court must then determine  whether  'the  fee  sought  is  reasonable  for  the  services rendered.' " *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Courts  may  reduce  the  requested  fee  if  the  representation  has  been substandard,  if  the  attorney  has  been  responsible  for  delay,  or  if  the benefits are large in comparison to the amount of time the attorney spent on the case.  *Id.*  The fee is payable "out of, and not in addition to, the amount of the past-due benefits."  *Gisbrecht*, 535 U.S. at 795 (quotation marks and citation omitted).

Plaintiff was awarded past-due benefits of $112,591.00.  Doc. 21-2 at 1.  Counsel seeks an award of $2,562.50, which is far less than the 25 percent contemplated by Plaintiff's fee agreement with counsel.  *Id.*; *see also* doc. 21-1 (Fee Agreement).  Counsel expended 2.8 hours, and his staff expended 4.3 hours, successfully prosecuting Plaintiff's case.  *See* docs. 21-3, 21-4, 21-5.  Counsel explains this results in an effective hourly attorney rate of $800.  Doc. 21 at 2.  The Court finds the requested fee amount reasonable.  *See, e.g.*, *Adams v. Berryhill*, 2017 WL 2415645, at *3 (S.D. Ga. June 2, 2017) (finding an award with an effective hourly rate of $850 to be "generous and reasonable" and collecting cases).

The Court notes, as does counsel, that the Court has already awarded EAJA fees in the amount of $1,023.40.  *See* doc. 19; *see also* doc. 21 at 3.  As counsel acknowledges, an attorney who receives fees under both the EAJA and § 406(b) must refund the smaller fee to his client to avoid double recovery.  Doc. 21 at 3; *see also Gisbrecht*, 535 U.S. at 796; *Jackson*, 601 F.3d at 1273-74; *Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674 (11th Cir. 2013) ("[T]he 'Savings Provision' of the EAJA required [claimant's counsel] to refund either the EAJA award or the § 406(b) award, whichever was smaller.").

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees Under the Social Security Act § 206(b)(1).  Doc. 20. Plaintiff's counsel is awarded $2,562.50 in attorney's fees and is **DIRECTED** to refund Plaintiff the previously awarded $1,023.40.

**SO ORDERED,** this 21st day of May, 2026.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA